# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CHARISSE L. VARNELL,**

        **Plaintiff,**

**-vs-**                                                    **Case No. 6:08-cv-2080-Orl-28DAB**

**SNA TRANSPORTATION, LLC, MAZIE FORBES, RENFORD FORBES,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR DEFAULT JUDGMENT AGAINST MAZIE FORBES (Doc. No. 13)**
>
> **FILED:**      **April 6, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff sued, among others, Mazie Forbes, d/b/a Amazing Transport, pursuant to the Carmack Amendment, 29 U.S.C. § 14706, alleging a failure to deliver cargo (Doc. No. 1). Forbes was personally served, and defaulted (Doc. Nos. 6-8). This motion follows.

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th

Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston National Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975). If the amount of damages sought are not specified in the complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Federal Rules of Civil Procedure.

Here, Plaintiff has pled all allegations necessary for entry of a default judgment. The Complaint asserts a factual and legal basis for liability, and specifies the amount owed as "$30,679.56, together with pre-judgment interest, post-judgment interest, [and] costs . . ." (Doc. No. 1 at 5). In Affidavit accompanying the motion for default judgment, Plaintiff itemizes the statutory interest and sets forth the suit costs (filing fee and service of process). Absent any objection by this Defendant, the motion is due to be **granted**.[1]

As Plaintiff has filed voluntary dismissals against the remaining defendants (Doc. Nos. 14, 15), it is **respectfully recommended** that the motion be granted, the Clerk be directed to enter final default judgment in favor of Plaintiff and against Mazie Forbes in the total amount of $33,665.45, and that the file be closed.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 20, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[1] It appears that the motion was not served on Forbes. This is of no moment, however, as the Complaint pled the amount alleged to be owed, and entitlement to statutory interest and costs.

-2-

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy